NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**UNWIRED PLANET, LLC,**
*Appellant*

**v.**

**GOOGLE INC.,**
*Appellee*

_____

2015-1812

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. CBM2014-00006.

_____

**ON PETITION FOR REHEARING EN BANC**

_____

Before PROST, *Chief Judge*, NEWMAN, PLAGER\*, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

HUGHES, *Circuit Judge*, concurring in the denial of the petition for panel rehearing.

_____

\* Circuit Judge Plager participated only in the decision on the petition for panel rehearing.

# O R D E R

Appellee Google Inc. filed a petition for rehearing en banc.  A response to the petition was invited by the court and filed by Appellant Unwired Planet, LLC.  The petition was first referred as a petition for rehearing to the panel that heard the appeal, and thereafter the petition for rehearing en banc was referred to the circuit judges who are in regular active service.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition for panel rehearing is denied.

(2) The petition for rehearing en banc is denied.

The mandate of the court will issue on April 11, 2017.

FOR THE COURT

 April 4, 2017                          /s/ Peter R. Marksteiner
        Date                           Peter   R.   Marksteiner
                                       Clerk of Court

# United States Court of Appeals
# for the Federal Circuit

---

**UNWIRED PLANET, LLC,**
*Appellant*

**v.**

**GOOGLE INC.,**
*Appellee*

---

2015-1812

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. CBM2014-00006.

---

HUGHES, *Circuit Judge*, concurring in the denial of the petition for panel rehearing.

For the reasons expressed in my dissent in *Versata Development Group, Inc. v. SAP America, Inc.*, 793 F.3d 1306, 1336–43 (Fed. Cir. 2015) (Hughes, J., concurring-in-part and dissenting-in-part), I continue to believe that *Versata* was incorrectly decided. I further believe that *Cuozzo Speed Technologies, LLC v. Lee*, 136 S. Ct. 2131 (2016) confirms that our review of the Patent Trial and Appeal Board's decision should be limited to the ultimate merits of the patent validity determination and should not, with narrow exception, extend to any decisions related to institution. Those exceptions may include the rare circumstances where the agency acts unconstitutionally or in complete disregard of the limits on its statutory

authority.  *See Cuozzo Speed Techs.*, 136 S. Ct. at 2141; *see also Versata*, 793 F.3d at 1342 (Hughes, J., concurring-in-part and dissenting-in-part) ("Even when a statute clearly demonstrates Congress intended to bar judicial review of agency action generally, courts have recognized an 'implicit and narrow' exception for agency action that plainly violates an unambiguous statutory mandate." (citations omitted)).  An exception does not apply in instances where the court disagrees with the agency's discretionary exercise of its explicit statutory authority.  As I pointed out in *Versata*, if an agency can be said to be acting without statutory authority whenever this court disagrees with the board's decision on any of the statutes related to institution, then the bar on judicial review is essentially eviscerated and is morphed into a bar on interlocutory review of the institution decision and nothing more.  793 F.3d at 1340 (Hughes, J., concurring-in-part and dissenting-in-part).  And that, of course, cannot be what Congress intended because such interlocutory review would have been unavailable even without the addition of 35 U.S.C. § 324(e).

That said, I concur in the denial of panel rehearing. In *Wi-Fi One, LLC v. Broadcom Corp.*, Case No. 15-1944, the en banc court is set to revisit the scope of an analogous bar on judicial review from inter partes proceedings in light of the Supreme Court's decision in *Cuozzo*.  Our decision there and any subsequent Supreme Court review will likely affect the question of whether *Versata* is and should remain good law.  Thus, rehearing here is unnecessary.